UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONT D. MCCLURE,

        Petitioner,               Case Number: 07-CV-13492

v.                                   Honorable John Corbett O'Meara

JAN TROMBLEY,

        Respondent.
_____/

**OPINION AND ORDER (1) GRANTING MOTION TO REOPEN HABEAS CASE, (2) GRANTING MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS, (3) DIRECTING THAT THE AMENDED PETITION BE SERVED UPON RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL, AND (4) DIRECTING RESPONDENT TO FILE A SUPPLEMENTAL ANSWER AND ANY ADDITIONAL RULE 5 MATERIALS**

**I.    INTRODUCTION**

Pending before the Court is Petitioner Lamont D. McClure's "Amended Petition," which the Court construes as a motion to reopen his habeas corpus proceedings, as well as a motion to amend his habeas petition. The motion was filed on July 15, 2010 [Dkt. # 13].

Petitioner filed a *pro se* petition for a writ of habeas corpus on August 20, 2007 [Dkt. #1]. On August 29, 2007, this Court ordered Respondent to answer the petition by February 27, 2008 [Dkt. #2]. Respondent filed his answer on February 27, 2008 [Dkt. # 5]. The Rule 5 materials were filed on April 11, 2008 [Dkt. # 7].

Following, on December 8, 2008, Petitioner filed a motion to amend his petition and to stay the case, in order for him to return to state court to exhaust certain claims; the petition contained claims which allegedly had not been exhausted in state court [Dkt. # 8]. On December 22, 2008, the Court denied Petitioner's motion to amend but granted his request to stay the

proceedings [Dkt. # 10]. In its Order, the Court directed that the petition would be stayed provided that Petitioner: (i) presented his claims in state court within sixty days of the Court's Order staying the petition; and (ii) asked the Court to lift the stay within sixty days of exhausting his state-court remedies.

For the reasons stated below, the Court now lifts the stay and deems the attached amended petition as properly filed. The Court will further order that the Clerk of the Court serve a copy of the amended petition upon Respondent and the Michigan Attorney General's Office by first class mail. The Court will further order Respondent to file any additional responsive pleadings to the amended petition and any additional Rule 5 materials by September 30, 2010.

## II.    PROCEDURAL BACKGROUND

In his pleadings, Petitioner states that he has exhausted his state-court remedies through collateral review in state court regarding his newly discovered evidence claims. Petitioner filed a successive motion for relief for judgment, pursuant to Mich.Ct.R. 6.500, which was denied on September 8, 2009. *People v. McCLure*, No. 01-005893-01 (Wayne County Circuit Court, Sept. 8, 2009).

Subsequently, Petitioner filed an application for leave to appeal the denial of his motion for relief from judgment in the Michigan Court of Appeals, which was denied on December 30, 2009. *People v. McClure*, No. 294845 (Mich.Ct.App. Dec. 30, 2009). Petitioner then filed an application for leave to appeal that decision in the Michigan Supreme Court. The Michigan Supreme Court denied leave on June 28, 2010. *People v. McClure*, 486 Mich. 1044, 783 N.W.2d 364 (2010). On that basis, the Court finds that Petitioner has exhausted his state-court

remedies. However, Petitioner acknowledges that he has not exhausted his *Brady*[1] claim, which is Issue VI in his amended petition.

**III. DISCUSSION**

Initially, the Court finds that, even though Petitioner has not fully exhausted his *Brady* claim in the state courts, the Court will decline to dismiss the petition. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F.Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies). The Court finds that it would be futile for Petitioner to return to state court. He no longer has any state court remedies available to pursue. He has already filed two post-conviction motions in the state courts. Therefore, the Court finds that the interests of justice would be best served by adjudicating Petitioner's *Brady* claim.

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner. *See Woods v. Gilmore*, 26 F.Supp.2d 1093, 1095 (C.D. Ill. 1998); *Parisi v. Cooper*, 961 F.Supp. 1247, 1249 (N.D. Ill. 1997). Because Petitioner is alleging that his remaining claims have been exhausted with the state courts, his petition is now ripe for consideration. Accordingly, the Court will order that the original habeas petition be reopened.

---

[1] *Brady v. Maryland*, 373 U.S. 85 (1963).

The Court also grants Petitioner's motion to amend his habeas petition. The decision to grant or deny a motion to amend is within the discretion of the district court. *Clemmons v. Delo*, 177 F.3d 680, 686 (8th Cir. 1999) (citing Fed.R.Civ.P. Rule 15). Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F.3d 320, 341-342 (6th Cir. 1998).

The Court will permit Petitioner to amend his petition, because there is neither any indication that allowing the amendment would cause any delay to this Court nor is there any evidence of bad faith on Petitioner's part in bringing the motion. The Court also finds that there is no prejudice to Respondent if the motion is granted. *See Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994).

The Court also orders that the Clerk of the Court serve a copy of the amended petition and a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first class mail, as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. *See Coffee v. Harry,* 2005 WL 1861943 (E.D. Mich. Aug. 2, 2005).

The Court further orders Respondent to file a response to the amended petition by September 30, 2010. A habeas corpus petitioner who challenges the legality of his state custody is entitled to reasonably prompt disposition of his petition. *Ukawabutu v. Morton*, 997 F. Supp. 605, 610 (D.N.J. 1998). This Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to Petitioner's habeas petition. *Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243. Respondent is also directed to provide this Court with any additional Rule 5 materials at the time that he files his answer. The habeas corpus rules require that the respondents attach the relevant portions of the transcripts of

the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254; *See also Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996).

IV. **CONCLUSION**

Accordingly, **IT IS ORDERED** that Petitioner's motion to reopen the case is **GRANTED**. The Clerk of Court is directed to **REOPEN** this matter.

**IT IS FURTHER ORDERED** that the motion to amend the petition is **GRANTED** and Petitioner's amended petition is deemed as timely filed [Dkt. # 13].

**IT IS FURTHER ORDERED** that the Clerk of the Court serve a copy of the amended petition, and a copy of this Order, on Respondent and the Attorney General by first class mail.

**IT IS FURTHER ORDERED** that Respondent may file a supplemental answer to the allegations of the petition, and any additional Rule 5 materials, in accordance with Rule 5, Rules Governing Section 2254 Cases, by September 30, 2010.

s/John Corbett O'Meara
United States District Judge

Date: August 3, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 3, 2010, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager