UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONT MCCLURE,

          Petitioner,          Case Number: 5:07-CV-13492
                                          HON. JOHN CORBETT O'MEARA

v.

JAN TROMBLEY,

          Respondent.
                                          /

**OPINION AND ORDER (1) GRANTING PETITIONER'S MOTION TO
APPOINT COUNSEL AND MOTION TO SUPPLEMENT, AND
(2) DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR
EVIDENTIARY HEARING, AND MOTION FOR DISCOVERY**

     Michigan prisoner Lamont McClure filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for second-degree murder, possession of a firearm during the commission of a felony, and being a felon in possession of a firearm. He raised seven claims for relief. The Court denied the petition. Petitioner filed a notice of appeal. The Sixth Circuit Court of Appeals granted a certificate of appealability (COA) as to a single claim, that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose exculpatory evidence. The Court of Appeals held that, while this Court addressed a portion of the *Brady* claim, the Court failed to address the claim that the State failed to disclose a witness's inability shortly after the shooting to identify the gunman. The Court of Appeals vacated the portion of this Court's judgment denying Petitioner's *Brady* claim, affirmed this Court's judgment

in all other respects, and remanded for consideration of Petitioner's identification-related *Brady* claim.  Now before the Court are Petitioner's "Motion to Appoint Counsel," "Motion for Evidentiary Hearing," "Motion for Discovery," and "Motion to Supplement."

A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." *See* 18 U.S.C. § 3006A(a)(2)(B).  The Court finds that the interests of justice require the appointment of counsel in this matter and will grant the motion.  In light of the Court's decision to appoint counsel, the Court will deny without prejudice Petitioner's Motion for Evidentiary Hearing and Motion for Discovery so that appointed counsel is provided adequate time to review the case and file any motions.  The Court will allow appointed counsel ninety days from the date of this Order to file any motions, supplemental briefs, or other papers.  If no supplemental motions or papers are filed after expiration of ninety days, the Court will address the merits of the remanded claim on the record presently before the Court.

Finally, Petitioner also has filed a Motion to Supplement Petitioner's Reply to Respondent's Answer.  The Court will grant the motion.

Accordingly, the Court **GRANTS** Petitioner's Motion to Supplement Petitioner's Reply to Respondent's Answer [dkt. # 44] and Petitioner's Motion to Appoint Counsel [dkt. # 39].  The Federal Defender Office, 5th Floor, 613 Abbott, Detroit, Michigan, 48226, telephone number (313) 967-5542, is **APPOINTED** to represented Petitioner in this case.  Such representation shall continue unless terminated by (1) order of the court;

(2) appointment of substitute counsel; or (3) appearance of retained counsel.

The Court **DENIES WITHOUT PREJUDICE** Petitioner's "Motion for Evidentiary Hearing" [dkt. # 40] and "Motion for Discovery" [dkt. # 41].

SO ORDERED.

s/John Corbett O'Meara
United States District Judge

Date:  February 13, 2014

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, February 13, 2014, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager