UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONT McCLURE,

    Petitioner,                          Civil No. 5:07-CV-13492
                                                  HONORABLE JOHN CORBETT O'MEARA
v.                                     UNITED STATES DISTRICT JUDGE

JAN TROMBLEY,

    Respondent,
_____/

**OPINION AND ORDER ON REMAND DENYING THE PETITION FOR WRIT
OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF
APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

This matter is on remand from the United States Court of Appeals for the Sixth Circuit. In his habeas petition, filed both *pro se* and through his attorney Brandy Y. Robinson, petitioner challenges his conviction for second-degree murder, M.C.L.A. 750.317; felon in possession of a firearm, M.C.L.A. 750.224f; and felony-firearm, M.C.L.A. 750.227b. For the reasons stated below, the petition for writ of habeas corpus on remand is DENIED.

### I. Background

The facts of this case have been recited numerous times by the Michigan Court of Appeals, by the parties in their respective pleadings, and by the federal courts in their prior opinions, therefore, only a brief overview of the facts is required.

Petitioner's convictions arose from the fatal shooting of Jonathan Miller at a

1

Coney Island restaurant in Detroit, Michigan on July 16, 2000. Mr. Miller had been at the restaurant with his brother Andre Miller and Jason Goodman. Andre Miller positively identified petitioner as the man who shot and killed his brother. Michael Cooper, a patron of the restaurant, testified at trial that petitioner looked like the shooter, but he could not be one hundred percent certain. Mr. Goodman did not appear and testify at petitioner's trial.

Petitioner's conviction was affirmed on appeal. *People v. McClure*, No. 242323, 2003 WL 22976528 (Mich.Ct. App. Dec. 18, 2003); *lv. den.* 471 Mich. 872, 685 N.W.2d 670 (Table)(2004).

Petitioner filed a post-conviction motion for relief from judgment, which was denied. *People v. McClure*, No. 01-005893 (Third Cir. Ct. Nov. 4, 2005). The Michigan appellate courts denied petitioner leave to appeal. *People v. McClure*, No. 272306 (Mich.Ct.App. Mar. 30, 2007); *lv. den.* 479 Mich. 864, 735 N.W.2d 249 (2007).

Petitioner filed a petition for writ of habeas corpus, which was subsequently held in abeyance so that petitioner could return to the state courts to exhaust additional claims.

Petitioner filed a second post-conviction motion for relief from judgment, which was denied. *People v. McClure,* No. 01-005893 (Third Cir. Ct. Sept. 8, 2009). The Michigan appellate courts denied petitioner leave to appeal. *People v. McClure*, No. 294845 (Mich.Ct.App. Dec. 30, 2009); *lv. den.* 486 Mich. 1044, 783 N.W.2d 364 (2010).

Petitioner's case was reopened in 2010. The matter was referred to Magistrate Judge Virginia M. Morgan for a Report and Recommendation. Magistrate Judge Morgan

issued a Report and Recommendation that the petition be denied. *McClure v. Trombley*, No. 07-13492, 2011 WL 3651334 (E.D. Mich. May 27, 2011)(Morgan, J.). Over petitioner's objections, this Court adopted the Report and Recommendation and denied habeas relief to petitioner. The Court also denied petitioner a certificate of appealability. *McClure v. Trombley*, No. 07-13492, 2011 WL 3651305 (E.D. Mich. Aug. 19, 2011)(O'Meara, J.).

Petitioner moved in the Sixth Circuit for a certificate of appealability. As part of the motion, petitioner alleged that the prosecutor suppressed exculpatory evidence in violation of *Brady v. Maryland, infra*. In granting petitioner a certificate of appealability on a portion of this claim, the Sixth Circuit noted:

> McClure's *Brady* claim is grounded in statements contained in Goodman's affidavit that two or three days after the shooting Goodman went to the police station, but was unable to positively identify "the male whom [he] had the altercation with that left and returned and killed [his] friend." Thereafter, Goodman fled town out of concern for his safety. Goodman also stated that the first opportunity he had to view McClure was in prison on September 3, 2008, at which point he realized that McClure was not the shooter. According to Goodman, he was subpoenaed by the prosecution to testify, but did not learn of the subpoena until after trial when he returned to Detroit.
>
> The district court found that Goodman's statements that McClure was not the gunman could not support a *Brady* violation because "that identification occurred years after the trial and it is therefore impossible for the government to have willfully or inadvertently suppressed that evidence during the trial." McClure does not dispute this finding. Rather, he argues that the district court did not address his claim that the government improperly failed to disclose Goodman's inability to identify the gunman shortly after the shooting. McClure submitted an affidavit from trial counsel in support of this claim. Because the district court did not address McClure's *Brady* claim in its entirety, a COA is warranted on this issue.

3

*McClure v. Klee,* No. 11-2371, * 6-7 (6th Cir. Nov. 27, 2012). The Sixth Circuit denied petitioner a certificate of appealability on the remaining claims. *Id.,* * 3-7. The Sixth Circuit stated:

> The clerk's office is directed to enter a briefing schedule as to the following issue only: whether the government improperly failed to disclose Goodman's inability to identify the gunman shortly after the shooting.
>
> *Id.,* * 7.

Following briefing from the parties, the Sixth Circuit remanded the matter back to this Court to address the prosecution's alleged failure to disclose Goodman's inability to identify the gunman. The Sixth Circuit affirmed this Court's judgment in all other respects. Of particular relevance to this opinion, the Sixth Circuit ordered this Court to consider petitioner's "*Brady* claim in full." *McClure v. Klee,* No. 11-2371, * 4 (6th Cir. July 1, 2013).

The case has been reopened to the Court's active docket. The Court appointed Ms. Robinson to represent petitioner. The parties have filed supplemental pleadings.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

>  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could

5

disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102 (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Habeas relief is not appropriate unless each ground which supported the state court's decision is examined and found to be unreasonable under the AEDPA. *See Wetzel v. Lambert*, 132 S. Ct. 1195, 1199 (2012).

### III. Discussion

**A. The procedural default/exhaustion issue.**

Respondent contends that petitioner's *Brady* claim is procedurally defaulted because he failed to properly exhaust this claim in the state courts in his second motion for relief from judgment and no longer has a state court remedy with which to do so. Respondent further claims that the Sixth Circuit's remand order does not preclude this Court from procedurally barring the claim on the ground that it was never properly exhausted with the state courts.

Under the law of the case doctrine, a court is ordinarily precluded from re-examining an issue previously decided by the same court, or by a higher court in the

6

same case. *Consolidation Coal Co. v. McMahon*, 77 F. 3d 898, 905 (6th Cir. 1996). "Under the doctrine of law of the case, findings made at one point of the litigation become the law of the case for subsequent stages of that same litigation." *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994). The law of the case doctrine "generally bars the district court from reconsidering those issues that the court of appeals has already explicitly or impliedly resolved." *Keith v. Bobby*, 618 F.3d 594, 599 (6th Cir. 2010); *See also In re Kenneth Allen Knight Trust*, 303 F.3d 671, 676 (6th Cir. 2002) ("Issues decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case.")(internal quotation marks and citations omitted).

  This Court believes that the Sixth Circuit, in remanding this matter back for this Court to consider the "*Brady* claim in full", either explicitly or implicitly determined that petitioner's claim had been properly exhausted with the state courts and/or that this Court should adjudicate petitioner's claim on the merits in spite of any default. This Court believes that the Sixth Circuit's remand order precludes this Court from procedurally defaulting petitioner. This Court further notes that procedural default is not a jurisdictional bar to review of a habeas petition the merits. *See Trest v. Cain*, 522 U.S. 87, 89 (1997). In addition, "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F. 3d 212, 215 (6th Cir.2003)(citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). "Judicial economy might counsel giving the [other] question priority, for

7

example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In light of the lengthy and protracted litigation of this matter, as well as the unusual procedural posture, it would be in the best interests to address petitioner's claim on the merits.

### B. Petitioner's claim.

Petitioner claims that the prosecution suppressed evidence that Mr. Goodman was unable to positively identify petitioner in a photographic lineup conducted a few days after the shooting. [1]

To prevail on his claim, petitioner must show (1) that the state withheld exculpatory evidence and (2) that the evidence was material either to guilt or to punishment irrespective of good faith or bad faith of the prosecution. *Brady v. Maryland,* 373 U.S. 83, 87 (1963). Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would

---

[1] To the extent that petitioner is attempting to relitigate his other *Brady* claim that the prosecutor failed to disclose Mr. Goodman's statements that he knew that petitioner was not the gunman after seeing him in prison, the Court cannot revisit this issue pursuant to the law of the case doctrine, because the Sixth Circuit affirmed this Court's denial of this portion of petitioner's *Brady* claim. Moreover, the Sixth Circuit's remand order was clearly limited to this Court adjudicating petitioner's *Brady* claim involving the prosecution's alleged failure to disclose Goodman's inability to identify the gunman at the photographic lineup. "A remand directing a specific, narrow course of action is fairly considered a limited remand." *Hargrave-Thomas v. Yukins*, 450 F. Supp. 2d 711, 721 (E.D. Mich. 2006)(*citing United States v. O'Dell*, 320 F. 3d 674, 680–81 (6th Cir. 2003)). When a limited remand is issued by the appellate court, "[t]he mandate rule 'compels compliance on remand with the dictates of the superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court.'" *Id.* (quoting *O'Dell,* 320 F. 3d at 679 (internal quotation omitted). "A district court is bound to the scope of the remand issued by the court of appeals." *Id.* (*quoting United States v. Campbell*, 168 F. 3d 263, 265 (6th Cir. 1999)). Because the Sixth Circuit remanded this matter for the sole purpose of addressing the prosecutor's alleged failure to disclose Mr. Goodman's inability to identify petitioner at the lineup, this Court is limited to this issue on remand.

have been different. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley,* 473 U.S. 667, 683 (1985). In *Strickler v. Greene,* 527 U.S. 263, 281-82 (1999), the Supreme Court articulated three components or essential elements of a *Brady* claim: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. "Prejudice (or materiality) in the *Brady* context is a difficult test to meet." *Jamison v. Collins*, 291 F. 3d 380, 388 (6th Cir. 2002).

Petitioner is not entitled to habeas relief because he failed to show that the prosecutor failed to turn over to the defense a copy of the police report or the lineup sheet which showed that Mr. Goodman was unable to positively identify petitioner at the photographic lineup. A habeas petitioner bears the burden of showing the prosecution suppressed exculpatory evidence. *See Bell v. Howes*, 703 F.3d 848, 853 (6th Cir. 2012). Petitioner has failed to show that this evidence was suppressed. The only evidence in support of petitioner's claim is an affidavit that was purportedly signed by his trial attorney Robert Slameka from July 5, 2011, in which Mr. Slameka purportedly states that even though he did receive discovery from the Wayne County Prosecutor's Office, he did "not believe" that he received anything pertaining to Mr. Goodman being interviewed or being unable to identify petitioner in a photo lineup.

There are several problems with petitioner's evidence. First, petitioner never presented this affidavit to the state courts in his second motion for relief from judgment.

9

The United States Supreme Court has held that habeas review under 28 U.S.C. §2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Therefore, *Cullen* precludes the Court from considering this affidavit in reviewing petitioner's *Brady* claim under 28 U.S.C. §2254(d). *Cf. Campbell v. Bradshaw*, 674 F.3d 578, 590, n.3 (6th Cir. 2012)(declining to consider testimony taken in federal evidentiary hearing because it was not part of the state court record).

Secondly, the affidavit that purports to be from Mr. Slameka is unsworn and not notarized. This Court has no way of determining the authenticity of the affidavit. Because the affidavit was never notarized, it cannot serve as a basis for establishing petitioner's *Brady* claim. *See e.g. Clark v. Waller,* 490 F.3d 551, 553, 558 (6th Cir. 2007)(unauthenticated affidavit from person whom petitioner claims should have been called as a defense witness could not support ineffective assistance of counsel claim); *Cress v. Palmer,* 484 F. 3d 844, 855 (6th Cir. 2007)(rejecting actual innocence claim that was based in part on an unsworn statement from a recanting witness).

Thirdly, assuming that this affidavit was signed by Mr. Slameka, it is nonetheless insufficient to establish that the prosecutor withheld evidence that Mr. Goodman was unable to positively identify petitioner. First, this affidavit was signed in July of 2011, which was over nine years after petitioner was tried and convicted of the murder. Mr. Slameka does not indicate that he reviewed his old file to determine whether or not this evidence had been disclosed to him nor does he even state with certainty that he did not

10

recall obtaining this information. The affidavit acknowledges that the prosecutor's office turned over discovery to Mr. Slameka. More importantly, at the time of trial, the prosecutor indicated on the record that trial counsel had received discovery pertaining to the photographic lineup, which Mr. Slameka confirmed on the record. (Tr. 3/11/02, pp. 87-88). Mr. Slameka did not object at trial to the prosecutor's comments that discovery regarding the lineup had been turned over to defense counsel.

Conclusory allegations by a habeas petitioner, without any evidentiary support, do not provide a basis for habeas relief. *See, e.g., Washington v. Renico,* 455 F. 3d 722, 733 (6th Cir. 2006)(bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring an evidentiary hearing in a habeas proceeding). Allegations that are merely conclusory or which are purely speculative cannot support a *Brady* claim. *See Burns v. Lafler,* 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004). Mr. Slameka's alleged statement that he believed that this information was never turned over to him is insufficient to establish a *Brady* violation. The affidavit that is purportedly from Mr. Slameka is too conclusory to support petitioner's allegation that the prosecutor failed to turn over evidence involving the photographic lineup, particularly since it conflicts with Mr. Slameka's own statements and conduct at the time of trial concerning the receipt of this evidence. Petitioner is not entitled to relief on this claim.

### IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of

appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. [2]

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because she has failed to make a substantial showing of the denial of a federal constitutional right with respect to his claim. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED.**

---

[2] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/John Corbett O'Meara<br>United States District Judge

Date: May 4, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 4, 2016, using the ECF system.

s/William Barkholz<br>Case Manager