# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LAMONT McCLURE,

    Petitioner,　　　　　　　　　　Civil No. 5:07-CV-13492
　　　　　　　　　　　　　　　　　　HONORABLE JOHN CORBETT O'MEARA
v.　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

JAN TROMBLEY,

    Respondent,
_____/

### OPINION AND ORDER DIRECTING THE CLERK OF THE COURT TO TRANSFER THE MOTION FOR A CERTIFICATE OF APPEALABILITY [DKT. ## 65, 68] AND APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS ON APPEAL [DKT. # 63, 67] TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

On May 4, 2016, this Court denied the petitioner's application for a writ of habeas corpus and further denied him a certificate of appealability or leave to appeal *in forma pauperis*. *McClure v. Trombley*, No. 5:07-CV-13492, 2016 WL 2344354 (E.D. Mich. May 4, 2016).

On May 31, 2016 and again on June 1, 2016, petitioner filed a notice of appeal with the Sixth Circuit. Petitioner has also filed a motion for a certificate of appealability, which was filed both on May 31, 2016 and June 1, 2016. The heading on petitioner's motion, however, is addressed to the United States Court of Appeals for the Sixth Circuit. Petitioner has also filed duplicate applications to proceed without prepaying fees and costs on appeal. The Court will order that petitioner's motion for a certificate of

1

appealability and the application to proceed without prepaying fees and costs on appeal to be transferred to the United States Court of Appeals for the Sixth Circuit.

This Court notes that the proper procedure when a district court denies a certificate of appealability is for the petitioner to file a motion for a certificate of appealability before the appellate court in the appeal from the judgment denying the petition for writ of habeas corpus or the motion to vacate sentence. *See Sims v. U.S.,* 244 F. 3d 509 (6th Cir. 2001)(citing Fed. R.App. P. 22(b)(1)). Petitioner has apparently done so in this case, although he has filed his motion with the district court, rather than the Sixth Circuit. The Court, in the interests of justice, will order that petitioner's motion for a certificate of appealability to be transferred to the United States Court of Appeals for the Sixth Circuit.

The Court will also order the Clerk of the Court to transfer petitioner's application to proceed *in forma pauperis* on appeal to the Sixth Circuit. It is well settled that the filing of a notice of appeal transfers jurisdiction over the merits of the appeal to the appellate court. *Workman v. Tate*, 958 F. 2d 164, 167 (6th Cir. 1992). Petitioner's notice of appeal divests this Court of jurisdiction to consider his motion that he be permitted to proceed *in forma pauperis* in the Sixth Circuit Court of Appeals. *See Glick v. U.S. Civil Service Com'n,* 567 F. Supp. 1483, 1490 (N.D. Ill. 1983); *Brinton v. Gaffney,* 560 F. Supp. 28, 29-30 (E.D. Pa. 1983). Because jurisdiction of this action was transferred from the district court to the Sixth Circuit Court of Appeals upon the filing of the notice of appeal, petitioner's motion to proceed *in forma pauperis* on appeal would be more appropriately addressed to the Sixth Circuit.

**IT IS ORDERED** that the Clerk of the Court transfer petitioner's "Motion for Certificate of Appealability" [Dkt. # 65, 68] and the "Application to Proceed Without Prepaying Fees and Costs on Appeal" [Dkt. # 63, 67] to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

s/John Corbett O'Meara<br>United States District Judge

Date:  June 8, 2016


      I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 8, 2016, using the ECF system and/or ordinary mail.

s/William Barkholz<br>Case Manager